IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WILLIAM ARRINGTON**                                                                                **PLAINTIFF**

vs.                                     No. 2:22-cv-11980

**XPO LOGISTICS, LLC**                                                       **DEFENDANT**

### ORIGINAL COMPLAINT

Plaintiff William Arrington ("Plaintiff"), by and through undersigned counsel, for his Original Complaint ("Complaint") against Defendant XPO Logistics, LLC ("Defendant"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the Michigan Workforce Opportunity Wage Act, MCL § 408.931, *et seq.* ("WOWA").

2. Plaintiff seeks a declaratory judgment, monetary and liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper wages under the FLSA and the WOWA.

### II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Michigan has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges violations of the WOWA, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's WOWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Southern Division of this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.   THE PARTIES

6. Plaintiff is an individual and resident of Wayne County.

7. Defendant is a foreign limited liability company.

8. Defendant's registered agent for service of process is Registered Agent Solutions, Inc., at 2285 South Michigan Road, Eaton Rapids, Michigan 48827.

### IV.   FACTUAL ALLEGATIONS

9. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

10. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Complaint.

11. Defendants are employers within the meaning of the FLSA and the WOWA and have been, at all times relevant herein, Plaintiff's employers.

12. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the WOWA.

13. Defendant employed Plaintiff from January of 2000 until July of 2022.

14. Within the relevant time period, Plaintiff worked for Defendant as a as a Senior Helpdesk Analyst.

15. Defendant directly hired Plaintiff, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

16. Defendant classified Plaintiff as a salaried employee, exempt from the overtime requirements of the FLSA.

17. Plaintiff's primary duties were to assist remote and on-site users with technological issues such as hardware issues, copier connections and internet connections. Plaintiff also assisted new employees in familiarizing them with Defendant's computer systems.

18. Plaintiff did not determine hardware, software or system functional specifications.

19. Plaintiff did not design or develop hardware or software.

20. Plaintiff did not have the authority to hire or fire any other employees, nor was Plaintiff's recommendation as to who should be hired or fired given particular weight.

21. Plaintiff did not manage the enterprise or a department or subdivision of the enterprise.

22. Plaintiff's duties were rote and routine, and he sought input from supervisors when his duties were not rote or routine.

23. In carrying out his duties, Plaintiff followed the processes put in place by Defendant.

24. Plaintiff regularly worked over 40 hours in a week for Defendant.

25. Much of Plaintiff's work was time-stamped via emails or system monitoring.

26. Plaintiff performed most or all of his work on-site at Defendant's facilities.

27. Defendant knew or should have known that Plaintiff worked hours over 40 in at least some weeks.

28. Defendant did not pay Plaintiff 1.5x his regular hourly rate for hours worked over 40 each week.

29. The net effect of Defendant's practices and policies regarding Plaintiff's job duties and pay, as described above, is that Defendant intentionally misclassified him as a salaried employee in order to avoid paying her an overtime premium for hours worked over 40 each week.

30. Defendant made no reasonable efforts to ascertain and comply with applicable law.

31. At all relevant times, Defendant knew or should have known that the FLSA and WOWA applied to the operation of Defendants' business.

32. Defendant knew, or showed reckless disregard for whether, the way they paid and failed to pay Plaintiff violated the FLSA and the WOWA.

### V.    FIRST CLAIM FOR RELIEF—VIOLATION OF THE FLSA

33. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

34. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

35. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

36. Defendant misclassified Plaintiff as exempt from the requirements of the FLSA.

37. Defendant failed to pay Plaintiff a sufficient overtime premium for hours worked over 40 each week.

38. Defendant knew or should have known that its actions violated the FLSA.

39. Defendant's conduct and practices, as described above, were willful.

40. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

41. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

42. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     SECOND CLAIM FOR RELIEF—VIOLATION OF THE WOWA

43.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the WOWA, MCL § 408.931, *et seq.*

44.     Defendant was an "employer" within the meaning of the WOWA, MCLS § 408.932(d).

45.     Plaintiff was an "employee" within the meaning of the WOWA, MCLS § 408.932(c).

46.     The WOWA requires employers to pay employees a minimum wage for up to 40 hours each week and to pay 1.5x regular wages for all hours worked over 40 each week.

47.     Defendant failed to pay Plaintiff 1.5x minimum wage for all hours worked over 40 each week.

48.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the WOWA.

49.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for unpaid wages due to him in an amount to be determined at trial, plus liquidated damages and attorneys' fees, including costs.

## VII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff William Arrington respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the WOWA and their related regulations;

  B. Judgment for damages suffered by Plaintiff for all unpaid wages under the FLSA, the WOWA and their related regulations;

  C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the WOWA and their related regulations;

  D. An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

  E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF WILLIAM ARRINGTON**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ William Patrick Wilson*
William Patrick Wilson
Ark. Bar No. 2021311
patrick@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com